IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:07CR13

TIMOTHY L. GILLMAN,
            Defendant.

## ORDER/OPINION GRANTING GOVERNMENT'S MOTION TO DETAIN

On the 2nd day of May 2007, came the United States by Zelda E. Wesley, its Assistant United States Attorney, and also came the defendant, Timothy L. Gillman, in person and by his counsel, Brian J. Kornbrath, for hearing on the motion of the United States to detain the defendant pending trial. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of ATF Special Agent Gregory Perry and Angela Bernardo; upon the pretrial services report prepared and submitted to counsel and to the Court by Defendant's Adult Pretrial Services Officer Eydie Feathers; and upon the arguments of counsel.

### A. Contentions of the Parties

The government contends this case is eligible for detention because it involves a maximum sentence of life imprisonment, a felony with two prior convictions, a serious risk Defendant will flee, and a serious risk of obstruction of justice. The government further contends the court should detain Defendant because there are no conditions of release which will reasonably assure Defendant's appearance as required, and the safety of any other person and the community.

The defendant contends that he is not a flight risk, is not a danger to the community, and also contends there are conditions of release which could reasonably assure his appearance as required and the safety of any other person and the community. There is no rebuttable presumption asserted.

## B. The Standards

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and consequences of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

## C. Discussion

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds clear and convincing evidence that:

1      Defendant is charged with one count of being a felon in possession of firearms.

2.      Defendant had been convicted in Boone County, West Virginia, in 1989 of aggravated robbery.

3.      The weight of the evidence is strong.

4.      Besides the instant offense, Defendant has the following criminal history:

     a)     8/19/86      Charged with larceny – disposition unknown;

     b)     10/30/87     Charged with brandishing, trespass, public intoxication, assault, destruction of property, and battery – pled no contest to brandishing– all other counts dismissed.

c) 1/13/88 Charged with battery and failure to give information- both counts dismissed.

d) 1/17/88 Charged with malicious assault/malicious wounding – charges withdrawn..

e) 3/7/88 Charged with destruction of property – dismissed.

f) 4/26/88 Charged with malicious assault/malicious wounding– dismissed.

f) 5/18/88 Charged with armed robbery – disposition unknown..

g) 8/2/88 Charged with battery – dismissed.

h) 2/8/89 Charged with assault – withdrawn.

i) 11/22/89 Charged with entering without breaking and aggravated robbery – convicted of both counts. Sentenced to 1-10 years imprisonment. Paroled 12/15/92. Discharged from supervision 7/17/95.

j) 9/23/93 Charged with destruction of property and unlawful wounding – disposition unknown.

k) 10/26/93 Charged with three counts of battery – dismissed.

l) 6/18/95 Charged with prostitution (1st degree solicit/pander)– convicted and fined.

m) 3/7/96 Charged with worthless check, deadly weapon by a felon, 6 counts of wanton endangerment with a firearm and issuing worthless check – disposition unknown.

n) 4/15/96 Charged with petit larceny and obtaining under false pretenses, and intimidating a witness – disposition unknown.

| | | |
|---|---|---|
| o) | 6/14/00 | Charged with embezzlement – disposition unknown. |
| p) | 10/21/01 | Charged with being a fugitive from justice and public drunkenness – disposition unknown. |
| q) | 2/1/02 | Charged with nighttime burglary – convicted. Sentenced to 1-15 years imprisonment. Paroled on 8/18/03. |
| r) | 5/22/04 | Charged with motor vehicle violations– pled guilty to driving on a suspended/revoked license for DUI and Capias for DUI. Sentenced to 6 months imprisonment, concurrent with parole violation. |
| s) | 6/7/04 | Charged with DUI, driving on revoked – dismissed. |
| t) | 8/31/04 | Charged with parole violation – disposition unknown. |

5. Defendant has nowhere to live with the possible exception of the Union Mission if released. He paid his rent in Elkins, West Virginia up through April 30, 2007. The Union Mission does have a bed available.

6. Witness Angela Bernardo's testimony was credible.

7. While Defendant lived with Angela Bernardo for the past 10 months, there were episodes of violence toward her and her children.

8. Defendant is an abuser of alcohol as testified to by Ms. Bernardo and as is consistent with the Pretrial Services Report.

The undersigned finds by clear and convincing evidence that Defendant is presents a flight risk and a danger to the community and especially Ms. Bernardo if released. His criminal conduct has occurred despite his being on parole. The present alleged offense was committed while Defendant was on parole. Defendant has no clear place to live, and the Clarksburg Mission is not

satisfactory and is a transient living place. Defendant has no other family or anything else to keep him here. The undersigned therefore finds by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure Defendant's appearance and the safety of the community should he be released.

It is therefore

ORDERED THAT:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 7 day of May, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE